## Rinard *v*. Lincoln National Bank.

*Promissory note—Evidence—Disputed question of fact—Review.*

In an action against a bank to recover the proceeds of a promissory note, a judgment and verdict for defendant will be sustained where the plaintiff testifies positively that he left the note with the bank for the sole purpose of collection, and the president of the bank testifies that the note was left for collection under an agreement that the proceeds thereof should be applied to the payment of a note of a corporation to the bank upon which the plaintiff was indorser, and this disputed question of fact is the only question in the case.

Argued May 9, 1901.  Appeal, No. 167, April T., 1901, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1898, No. 587, on verdict for defendant in case of John Rinard v. The Lincoln National Bank.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Assumpsit to recover the proceeds of a promissory note. Before FRAZER, J.

At the trial it appeared that in September, 1897, the plaintiff owned a promissory note for $1,000 made by the Braxton Lumber and Coal Company.  The plaintiff was also indorser upon certain notes which the Braxton Lumber and Coal Company had made, and which the Lincoln National Bank, the defendant, owned.  On September 12, 1897, plaintiff left the $1,000 note with the defendant, and he testified that he left it for collection only.  C. B. McClain, president of the defendant bank, testified that the note had been left under an agreement that the proceeds thereof, when collected, should be applied to the lumber company's indebtedness.  Defendant collected $450 on the note in controversy.

The court charged in part as follows :

[On the part of the plaintiff, Mr. McLain testifies that at the time Mr. Rinard came to his office he told him that the bank had treated him very nicely ; that he was under some obligation to them ; that he had this note of the lumber company and desired to turn it over to the bank for them to collect

and apply the proceeds upon the indebtedness of the lumber company, for which Mr. Rinard was liable. Mr. McLain took the note and gave this receipt or memorandum, and the note not being paid at maturity, was protested. Now, if Mr. Mc-Lain's statement is true, then this note practically belonged to the Lincoln National Bank, and they were entitled to receive the proceeds that might be realized upon it.] [1]

[If you find that Mr. Rinard's statement is true; that what he says took place there, did take place, then he would be entitled to a verdict for $450, with interest from November, 1897. If Mr. McLain remembers it correctly, and his statement as to what took place at the time is correct, then Mr. Rinard has no claim upon the bank, as the bank collected the money, and the testimony shows that they appropriated it to the indebtedness for which Mr. Rinard would be liable outside of the compromise. That is the sole question in it.] [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*R. B. Ivory*, for appellant.

*J. R. Sterrett*, of *Patterson & Sterrett*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

No principle of law is debated in the arguments in this case. A superficial examination of the facts and figures might lead to considerable difficulty in determining the rights of the parties. The marshaling of the facts by the appellants' counsel, at first blush, would have the effect of raising doubt as to the right of the defendant to retain the sum of $450, sued for, but a careful consideration of the testimony leads inevitably to the conclusion that the controversy is one of fact pure and simple. The learned trial judge in his charge manifests a comprehensive grasp of the situation presented, and properly instructed the jury that " the sole question in the case is, was the amount realized, upon that note to be returned to Mr. Rinard, or was it to be retained by the Lincoln National Bank, and applied to this indebtedness against the lumber companies, upon which Mr. Rinard was an indorser and liable to the bank?"

The trial judge then proceeds with palpable fairness to call the attention of the jury to the testimony bearing upon this issue of fact.   They have found for the defendant.   There are but two assignments of error properly presented.   Each is based upon an excerpt from the charge, and each, taken with its context, is without error in law or in fact.   We deem it unnecessary to discuss the details of the case and affirm the judgment.